UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY,<br><br>Plaintiff<br><br>vs.<br><br>CONTINUUM HEALTH CARE SERVICES, LC d/b/a CONTINUUM HEALTH CARE SERVICES, CONTINUUM HEALTHCARE INC. d/b/a CONTINUUM HEALTH CARE SERVICES, CONTINUUM HEALTHCARE PERSONNEL SERVICES, INC. d/b/a CONTINUUM HEALTH CARE SERVICES, BRENDA SCHMIDT, and INGE SMOTHERS,<br><br>Defendants. | CASE NO. _____<br><br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff, West Bend Mutual Insurance Company, pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. § 2201 et seq., seeks a declaration as to its rights and duties under an insurance contract issued to Continuum Health Care Services, LC, as follows:

### THE PARTIES

1.  Plaintiff West Bend Mutual Insurance Company ("West Bend") is a mutual insurance company that is organized and existing under the laws of the State of Wisconsin, has a principal place of business in West Bend, Wisconsin, and is authorized to write insurance in the State of Iowa. West Bend is a citizen of Wisconsin.

2.  Defendant Continuum Health Care Services, L.C. d/b/a Continuum Health Care Services ("Continuum HCS") is a limited liability company organized and existing under the

laws of the State of Iowa and has its principal place of business in Ankeny, Polk County, Iowa. Continuum HCS is a citizen of Iowa.

3. Defendant Continuum Healthcare Inc. d/b/a Continuum Health Care Services ("Continuum HCI") is a business incorporated in the State of Iowa and has its principal place of business in Ankeny, Polk County, Iowa. Continuum HCI is a citizen of Iowa.

4. Defendant Continuum Healthcare Personnel Services, Inc. d/b/a Continuum Health Care Services ("Continuum HPSI") is a business incorporated in the State of Iowa and has its principal place of business in Ankeny, Polk County, Iowa. Continuum HPSI is a citizen of Iowa.

5. Defendants Continuum HCS, Continuum HCI, and Continuum HPSI are collectively referred to herein as "Continuum".

6. Defendant Brenda Schmidt ("Schmidt") is a citizen of the State of Iowa and has a principal place of residence in Coralville, Johnson County, Iowa. At all pertinent times, Schmidt was an employee of Continuum.

7. Defendant Inge Smothers ("Smothers") is a citizen of the State of Iowa and has a principal place of residence in Dallas County, Iowa. Ms. Smothers is a Plaintiff in the Underlying Action (defined below).

## JURISDICTION AND VENUE

8. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff, West Bend, a citizen of Wisconsin, and the Defendants, all citizens of Iowa and because the amount in controversy, exclusive of interest and costs, exceeds $75,000, as demonstrated by Smothers seeking damages in the Underlying Action consisting of past lost wages and income, loss of future income and earning capacity,

reputational loss, costs and expenses incurred in the claim and litigation, and punitive damages and Continuum and Schmidt seeking a defense to the Underlying Action and as well as indemnification for Smothers' claimed damages under the insurance policy issued by West Bend, which has a commercial general liability limit in the amount of $100,000.00 and an umbrella liability limit in the amount of $1,000,000.00.

9. This matter presents an actual controversy under the Declaratory Judgments Act, 28 U.S.C. § 2201(a), because Smothers has filed the Underlying Action against Continuum and Schmidt seeking the compensatory damages and punitive damages just outlined, Continuum and Schmidt seek a defense and indemnification for the Underlying Action under the insurance policy issued by West Bend to Continuum HCS, and West Bend seeks a declaration of non-coverage under that policy and to be relieved of any and all defense and indemnification obligations.

10. Venue is appropriate in the Southern District of Iowa pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(c)(1) and (2) because all Defendants reside in this judicial district.

## THE POLICY

11. West Bend issued a Commercial Lines Policy to Continuum HCS, Policy No. 1803974-05, policy period 11/01/2017 to 11/01/2018 (the "Policy"). *See* Policy, Exhibit A.[1] The Policy was in force and effect at all material times.

12. Employees of Continuum are insureds for acts within the scope of their employment or while performing duties related to the conduct of Continuum's business and are

---

[1] Only the Commercial General Liability and Umbrella Liability coverage parts are relevant to this action, so only those parts are included in Exhibit A.

thereby subject to all the same terms, provisions, and exclusions of the Policy as Continuum. (Exhibit A, 029, 070).

13. Among the coverages provided by the Policy is commercial general liability ("CGL") coverage via the CGL Coverage Form, and commercial liability umbrella ("Umbrella") coverage, via the Umbrella Coverage Form.

14. The Policy's CGL Coverage Form provides for Bodily Injury and Property Damage Liability coverage (Coverage A) and Personal and Advertising Injury coverage (Coverage B).

15. The Coverage A insuring agreement provides:

**SECTION 1 – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.
   . . .
   b. This insurance applies to "bodily injury" and "property damage" only if:
      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
      (2) The "bodily injury" or "property damage" occurs during the policy period; and
      . . .
   e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

(Exhibit A, 021)

16. Coverage A contains the following exclusions of coverage:

   **2. Exclusions**

   This insurance does not apply to:

   **a. Expected Or Intended Injury**
   "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

(Exhibit A, 022)

17. The Coverage B insuring agreement provides:

   **COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

   **1. Insuring Agreement**
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.
   . . .
   b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

(Exhibit A, 026)

18. Pertinent to the above provisions, the CGL Coverage Form sets forth the following definitions:

   **SECTION V – DEFINITIONS**

   3. "Bodily injury" means bodily injury, sickness or disease sustained by a person. This includes mental anguish or death resulting from bodily injury, sickness or disease.

. . .

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
    a. False arrest, detention, or imprisonment;
    b. Malicious prosecution;
    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
    d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
    e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
    f. The use of another's advertising idea in your "advertisement"; or
    g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

. . .

17. "Property damage" means:
    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

. . . .

(Exhibit A, 033-35, 056).

19. The CGL Coverage Form contains an endorsement titled "Employment-Related Practices Exclusion", which adds an additional exclusion to both Coverage A and Coverage B, as follows:

**EMPLOYMENT – RELATED PRACTICES EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following exclusion is added to Paragraph **2., Exclusions** of Section **I – Coverage A – Bodily Injury And Property Damage Liability:**
   This insurance does not apply to:
   "Bodily injury" to:
   **(1)** A person arising out of any:
      **(a)** Refusal to employ that person;
      **(b)** Termination of that person's employment; or
      **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or
   **(2)** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraphs **(a), (b),** or **(c)** above is directed.

   This exclusion applies:
   **(1)** Whether the injury-causing event described in Paragraphs **(a), (b)** or **(c)** above occurs before employment, during employment or after employment of that person;
   **(2)** Whether the insured may be liable as an employer or any other capacity; and
   **(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

B. The following exclusion is added to Paragraph **2., Exclusions** of Section **I – Coverage B – Personal And Advertising Injury Liability:**
   This insurance does not apply to:
   "Personal and advertising injury" to:
   **(1)** A person arising out of any:
      **(a)** Refusal to employ that person;
      **(b)** Termination of that person's employment; or

    **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or

**(2)** The spouse, child, parent, brother or sister of that person as a consequence of "personal and advertising injury" to that person at whom any of the employment-related practices described in Paragraphs **(a), (b),** or **(c)** above is directed.

This exclusion applies:

**(1)** Whether the injury-causing event described in Paragraphs **(a), (b),** or **(c)** above occurs before employment, during employment or after employment of that person;

**(2)** Whether the insured may be liable as an employer or in any other capacity; and

**(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

(Exhibit A, 044).

    20.    The Policy's Umbrella Coverage Form similarly provides for Bodily Injury and Property Damage Liability coverage (Coverage A) and Personal and Advertising Injury coverage (Coverage B).

    21.    The Coverage A insuring agreement provides:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**
    **a.** We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of

    "underlying insurance" have been exhausted.  When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which insurance may apply.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

. . .

  **b.** This insurance applies to "bodily injury" and "property damage" only if:
    **(1)** The "bodily injury" of "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
    **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

. . . .

(Exhibit A, 062)

    22.    Coverage A contains the following exclusions of coverage:

**2. Exclusions**
This insurance does not apply to:

**a. Expected Or Intended Injury**
"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

. . .

**h. Employment-related Practices**
"Bodily inury" to:
**(1)** A person arising out of any:
    **(a)** Refusal to employ that person;
    **(b)** Termination of that person's employment; or
    **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or
**(2)** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related

    practices described in Paragraphs **(a), (b),** or **(c)** above is directed.

    This exclusion applies whether the injury-causing event described in Paragraphs **(a), (b),** or **(c)** above occurs before employment, during employment or after employment of that person.

    This exclusion applies whether the insured may be liable as an employer or in any other capacity, and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

(Exhibit A, 063-064)

    23.    The Coverage B insuring agreement provides:

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

1. **Insuring Agreement**
   a. We will pay on behalf of the insured the "ultimate net loss in excess of the "retained limit" because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking damages for such "personal and advertising injury" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted.  When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply.  However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.
   . . .
   b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

(Exhibit A, 067)

    24.    Coverage B contains the following exclusion of coverage:

10

**2. Exclusions**

This insurance does not apply to:

**a.** "Personal and advertising injury":

**(14) Employment-related Practices**

To:

**(a)** A person arising out of any:

  **(i)** Refusal to employ that person;
  **(ii)** Termination of that person's employment; or
  **(iii)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or

**(b)** The spouse, child, parent, brother or sister of that person as a consequence of "personal and advertising injury" to that person at whom any of the employment-related practices described in Paragraphs **(i), (ii),** or **(iii)** above is directed.

This exclusion applies whether the injury-causing event described in Paragraphs **(i), (ii),** or **(iii)** above occurs before employment, during employment or after employment of that person.

This exclusion applies whether the insured may be liable as an employer or in any other capacity, and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

(Exhibit A, 068).

25. Pertinent to the above provisions, the Umbrella Coverage Form sets forth the following definitions:

**SECTION V – DEFINITIONS**

**3.** "Bodily injury" means bodily injury, disability, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".

. . .

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
    a. False arrest, detention or imprisonment;
    b. Malicious prosecution;
    c. The wrongful eviction from , wrongful entry into, or invasion of the right of private occupancy of a room , dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
    d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
    e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
    f. The use of another's advertising idea in your "advertisement"; or
    g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

. . .

18. "Property damage" means:
    a. Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
    b. Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

. . .

23. "Ultimate net loss" means the total sum, after reduction for recoveries or salvages collectible, that the insured becomes legally obligated to pay as damages by reason of settlement or judgments or any arbitration or other alternate dispute method entered into with our consent or the "underlying insurer's" consent.

(Exhibit A, 075-078).

## THE UNDERLYING ACTION

26. On April 2, 2023, Smothers filed an action against Continuum and Schmidt in the Iowa District Court for Dallas County, *Inge Smothers, Plaintiffs [sic], vs. Continuum Health Care Services, L.C., et al.,* No. LACV044164 (the "Underlying Action"). On June 5, 2023, Smothers filed an Amended Petition. *See* Amended Petition filed in Underlying Action, Exhibit B.

27. In the Underlying Action, Smothers asserts that since March 28, 2003, she was employed by Rowley Memorial Masonic Home and Rowley Masonic Assisted Living Community, LLC (collectively "Rowley") as a CNA, CMA, and Phlebotomist in Rowley's assisted living facility in Perry, Dallas County, Iowa.

28. Smothers asserts that Continuum, through its employees including Schmidt, caused an investigation to be conducted into her alleged financial exploitation of a Rowley resident, which resulted in Smothers being placed on a suspension from work, being required to use PTO during the period of suspension, being denied reinstatement and back pay, and ultimately being forced to resign employment.

29. Smothers asserts that these actions by Continuum, through its employees including Schmidt, interfered with Smothers' employment, tortiously interfered with Smothers' employment contract, and interfered with Smothers' prospective business and economic advantage. *See* Exhibit B.

30. Smothers seek to recover damages allegedly incurred due to loss of her employment, employment contract, and prospective business advantage and relations, namely past lost wages and income, loss of future income and earning capacity, reputational loss, costs, and expenses incurred in the claim and litigation, and punitive damages. *See* Exhibit B.

31. West Bend is providing a defense under a reservation of rights to Continuum and Schmidt against the claims asserted in the Underlying Action.

### COUNT I – DECLARATORY JUDGMENT
### NO DUTY TO DEFEND OR INDEMNIFY

32. As set out above, the Policy provides coverage only for "bodily injury" or "property damage" caused by an "occurrence" and only for "personal and advertising injury". The Underlying Action does not allege "bodily injury" or "property damage" caused by an "occurrence" and also does not allege "personal and advertising injury". Thus, the claims asserted in the Underlying Action fall outside the CGL and Umbrella insuring agreements such that West Bend has no duty to defend or indemnify Continuum or Schmidt.

33. In addition, as also set out above, the Policy excludes coverage for injury arising out of any termination of employment and/or out of any employment-related acts or omissions, including evaluation and discipline. The Underlying Action alleges suspension and forced resignation of employment and wrongful evaluation and determination that Smothers financially exploited a Rowley resident, which resulted in disciplinary action, including suspension, forced resignation of employment, and other employment-related consequences. Thus, coverage for the claims and damages alleged in the Underlying Action is excluded under the CGL and Umbrella Coverage Forms such that West Bend has no duty to defend or indemnify Continuum or Schmidt.

34. In addition, as also set out above, the Policy excludes coverage for "bodily injury" or "property damage" expected or intended from the standpoint of the insured. The Underlying Action alleges intentional acts by Continuum and Schmidt, the result of which the Defendants intended or expected resulting injury. Thus, coverage for the claims and damages alleged in the

Underlying Action is excluded under the CGL and Umbrella Coverage Forms such that West Bend has no duty to defend or indemnify Continuum or Schmidt.

35. For all of these reasons, West Bend has no duty to continue to provide a defense to Continuum and Schmidt in the Underlying Action and no duty to indemnify either of them for any judgment entered in or settlement entered into in the Underlying Action.

36. West Bend hereby requests a declaration from the Court as to its rights and duties under the Policy and specifically requests that the Court enter an order declaring that:

   a. The claims asserted in the Underlying Action fall outside the Coverage A and Coverage B insuring agreements of the Policy's CGL and Umbrella Coverage Forms such that there is no coverage under the Policy for those claims;

   b. The Employment-Related Practices exclusion contained in the Policy's CGL and Umbrella Coverage Forms applies and bars coverage such that there is no coverage under the Policy for the claims asserted in the Underlying Action;

   c. The Expected or Intended Injury exclusion contained in the Policy's CGL and Umbrella Coverage Forms applies and bars coverage such that there is no coverage under the Policy for the claims asserted in the Underlying Action;

   d. West Bend is relieved of and has no further duty to provide a defense to Continuum or Schmidt in the Underlying Action;

   e. West Bend is relieved of and has no duty to indemnify Continuum or Schmidt for any settlement entered into or judgment entered against either of them in or in connection with the Underlying Action; and

   f. For such other and further relief as the Court deems just and equitable.

WHEREFORE, Plaintiff, West Bend Mutual Insurance Company, respectfully requests that the Court enter an order declaring that:

   a. The claims asserted in the Underlying Action fall outside the Coverage A and Coverage B insuring agreements of the Policy's CGL and Umbrella Coverage Forms such that there is no coverage under the Policy for those claims;

 b. The Employment-Related Practices exclusion contained in the Policy's CGL and Umbrella Coverage Forms applies and bars coverage such that there is no coverage under the Policy for the claims asserted in the Underlying Action;

 c. The Expected or Intended Injury exclusion contained in the Policy's CGL and Umbrella Coverage Forms applies and bars coverage such that there is no coverage under the Policy for the claims asserted in the Underlying Action;

 d. West Bend is relieved of and has no further duty to provide a defense to Continuum or Schmidt in the Underlying Action;

 e. West Bend is relieved of and has no duty to indemnify Continuum or Schmidt for any settlement entered into or judgment entered against either of them in or in connection with the Underlying Action; and

 f. For such other and further relief as the Court deems just and equitable.

**LEDERER WESTON CRAIG PLC**

By  /s/ *Brenda K. Wallrichs*
J. Michael Weston AT0008405
Brenda K. Wallrichs AT0008203
118 Third Avenue SE, Suite 700
P. O. Box 1927
Cedar Rapids, IA  52406-1927
Phone: (319) 365-1184
Fax: (319) 365-1186
E-mail:  mweston@lwclawyers.com
   bwallrichs@lwclawyers.com

ATTORNEYS FOR PLAINTIFF